| |  |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Torin Reid,**<br><br>                                **Plaintiff,**<br>**v.**<br><br>**The City of New York, New York City Police Officer Otneil Figueroa (Tax ID #948965) and Police Officers JOHN & JANE DOES 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown).**<br><br>                               **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 14-5638 |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, New York City Police Officer Otneil Figueroa and New York City Police Officers John and Jane Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and New York state law by falsely arresting him and denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide his New York state law claims of false arrest, assault and battery which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

6. With respect to Plaintiff's state law claims against the City, a Notice of Claim was duly filed with the City of New York within 90 days after the Incident, and on August 12, 2014.

7. More than 30 days have elapsed since such filing and the City has not offered to settle Plaintiff's state law claims.

8. More than 30 days have elapsed since Plaintiff filed his Notice of Claim and the City of New York has not demanded a 50-h Hearing.

9. A Notice of Claim is not required for Plaintiff's state law claims asserted against the individual defendants because Plaintiff alleges intentional conduct. In suits against

municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the Notice of Claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, … the duty to indemnify and save harmless … shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

10. Plaintiff Torin Reid ("Plaintiff" or "Mr. Reid") is a twenty five (25) year old African-American man who resides within the Woodside Houses, NYCHA residences, located in Woodside, Queens NY.

11. The City of New York is a municipal corporation organized under the laws of the State of New York.

12. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on July 26, 2014. The individual defendants were acting under color of state law in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

## **STATEMENT OF FACTS**

13. The Incident that Plaintiff complains of took place on or about the evening of July 26, 2014, in the City and State of NY, County of Queens, in or about the vicinity of the Woodside Houses, which are NYCHA residences.

14. At the aforementioned time and place, Plaintiff was lawfully gathered with some friends and sitting on a bench when Plaintiff noticed uniformed NYPD officers marching toward them.

15. Plaintiff was, and still is, afraid of New York City Police Officers because they, "like to play rough," and so Plaintiff got up and began to walk away.

16. Plaintiff had neither engaged in any criminal activity nor had Plaintiff given the NYPD officers any reason to believe that Plaintiff was about to engage in any criminal activity.

17. Then, all of a sudden and without warning, Defendant NYPD Officer Otneil Figueroa grabbed Plaintiff from behind and tackled him to the ground.

18. As a result of the "take down," Plaintiff's head hit the ground causing an abrasion on Plaintiff's head.

19. Once Defendant NYPD Officer Otneil Figueroa had Plaintiff on the ground, face down and hands behind his back, duly restrained; no weapons or contraband on Plaintiff's person, Defendant NYPD Officer Otneil Figueroa punched Plaintiff in Plaintiff's right eye which caused Plaintiff to bleed.

20. When Defendant NYPD Officer Otneil Figueroa concluded his physical assault on Plaintiff, a twenty-five (25) year old unarmed African American man, Plaintiff was transported to Elmhurst Hospital where he received three (3) sutures near his right eye, to close the wound and stop the bleeding.

21. Thereafter, Plaintiff was taken to Central Booking for his Criminal Court Arraignment, where he learned that he had been criminally charged with criminal possession of marijuana and resisting arrest.

22. At arraignment, the matter was adjourned in contemplation of dismissal.

23. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, embarrassment, fear, anxiety, humiliation, degradation, facial wounds consisting of a laceration and physical pain – all to his detriment.

## FIRST CLAIM
### *FALSE ARREST*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. At all relevant times, Plaintiff did not commit a crime or violation.

26. Despite Plaintiff's innocence, the defendants arrested Plaintiff without probable cause to do so.

27. Accordingly, defendants are liable to Plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
### *FAILURE TO INTERVENE*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The individually named JOHN and JANE DOE defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to intervene.

30. Accordingly, each individually named JOHN and JANE DOE defendant is liable to Plaintiff under the Constitution for not intervening to prevent the violation of Plaintiff's rights.

### THIRD CLAIM
*UNREASONABLE SEARCH AND SEIZURE*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. NYPD Officer Otneil Figueroa violated the Fourth and Fourteenth Amendments because he stopped, searched and seized Plaintiff without any reasonable suspicion or arguable probable cause to do so.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendant NYPD Officer Otneil Figueroa violated the Fourth and Fourteenth Amendments by using excessive force when he physically assaulted Plaintiff.

36. Defendant NYPD Officer Otneil Figueroa's decision to punch Plaintiff in the eye with a closed fist, even after Plaintiff was already down on the ground, with his hands behind his back, was objectively unreasonable and excessive.

37. The amount of physical force that Defendant NYPD Officer Otneil Figueroa used against Plaintiff caused Plaintiff to bleed and Plaintiff received three (3) sutures to close the

wound. This amount of physical force was objectively unreasonable and excessive, especially in light of the fact that Plaintiff was unarmed.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged, including physical wounds, pain and discomfort.

## FIFTH CLAIM
### *MONELL CLAIM*

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

42. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

43. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

7

44. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

45. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

46. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed

and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

47. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

48. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

49. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

50. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical pain – all to his detriment.

**SIXTH CLAIM**
*FALSE ARREST UNDER STATE LAW*

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. At all relevant times, Plaintiff did not commit a crime or violation.

53. Despite Plaintiff's innocence, the individually named defendants arrested Plaintiff and/or failed to intervene to prevent his false arrest.

54. Accordingly, the individual defendants are liable to Plaintiff under New York state law for false arrest.

## SEVENTH CLAIM
### *ASSAULT & BATTERY UNDER STATE LAW*

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Defendant NYPD Officer Otneil Figueroa's decision to punch Plaintiff in the eye with a closed fist, even after Plaintiff was already down on the ground, with his hands behind his back, constituted an assault and battery upon Plaintiff's person.

57. The amount of physical force that Defendant NYPD Officer Otneil Figueroa used on Plaintiff, an unarmed African American man, twenty-five (25) years of age, was wanton, malicious and caused Plaintiff physical injuries, including a facial laceration, which required medical attention at Elmhurst Hospital.

58. Accordingly, the defendants are liable to Plaintiff under New York State Law for Assault and Battery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

    a. Compensatory damages against all defendants, jointly and severally;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorneys' fees and costs; and

    d.  Such other relief as this Court shall deem just and proper.


Dated: September 25, 2014
       New York, NY

                                        s/**Michael J. Redenburg**
                                        Michael J. Redenburg (NY #MR4662)
                                        MICHAEL J. REDENBURG, ESQ. PC
                                        150 Broadway, Suite 808
                                        New York, NY 10038
                                        mredenburg@mjrlaw-ny.com
                                        1-212-240-9465 (Phone)
                                        1-917-591-1667 (Fax)